IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

SHERRI BELL,                                        :
                                                    :
      Plaintiff,                                    :
                                                    :
v.                                                  :      Case No.: 1:13-CV-51 (WLS)
                                                    :
HSBC BANK USA, N.A., as Trustee                     :
For the Registered Holders of Nomura                :
Home Equity Loan, Inc. Asset-Backed                 :
Certificates Series 2007-2,                         :
                                                    :
      Defendant.                                    :
_____                 :

## ORDER

      This is an alleged diversity case removed from Dougherty County Superior Court seeking damages and injunctive relief to enjoin the foreclosure of Plaintiff Sherri Bell's home. Pending before the Court is Bell's motion to remand for lack of subject matter jurisdiction. Bell argues the parties are not completely diverse and HSBC Bank has not established an amount in controversy exceeding $75,000. Because HSBC Bank has not met its burden, the Court grants Bell's motion.

      Title 28, United States Code, Section 1441 permits a defendant to remove any action brought in state court to a United States District Court having original jurisdiction over the case. 28 U.S.C. § 1441. A district court has original jurisdiction when (1) there is diversity of citizenship and the amount of controversy exceeds $75,000; or (2) the case involves a claim arising under the laws of the United States. 28 U.S.C. §§ 1331, 1332; *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). The burden for establishing the federal court's jurisdiction falls on the removing party. *Univ.*

*of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). HSBC Bank has not met its burden.

The crux of Bell's argument is that she sued a trust. And a voluntary trust is generally a citizen of each state in which at least one of its shareholders is a citizen. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 188–91 (1990); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 89 (2006). Because HSBC bank has not alleged the citizenship of every shareholder, Bell argues it has failed to establish complete diversity. The bank does not appear to dispute this general principle or attempt to establish the trust's citizenship.

Rather, HSBC Bank attempts to distinguish this rule by arguing that "determining the citizenship of the trust is irrelevant because suit was filed against the trustee solely in its role as trustee." (Doc. 6 at 2.) It is true that, in some cases, a federal court may base diversity jurisdiction on a trustee's citizenship. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980). For that principle to apply, however, the trustee must be the "real party to the controversy," which is the case when it "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* at 464. *See also U.S. Bank Nat'l Ass'n v. The Cooperative Dist. of the City of Spanish-Fort—Highway 98 Public Facilities*, No. 11-0401-WS-M, 2011 WL 4499309, at *1–5 (S.D. Ala. Sept. 29, 2011) (discussing *Navarro* and collecting cases).

The problem is, HSBC Bank wholly failed to establish that its control over the trust assets was "real and substantial." *See Navarro*, 446 U.S. at 456–66. The bank did not cite *Navarro* or any authorities supporting its position, let alone evidence of its responsibilities as trustee. Presumably, HSBC Bank wants the Court to surmise that it

2

exercises substantial control over the trust assets because it is a national bank. (*See* Doc. 6 at 2.) But district courts do not exist to make educated guesses or fill in the blanks for sophisticated parties. To the contrary, a "district court judge is neither required nor permitted to become counsel for any party." *Baker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. 1981).

In summary, because HSBC did not submit evidence, argument, or supporting case law to establish it was the real party in the controversy, it has not met its burden. Bell's Motion (Doc. 5) is **GRANTED**. This case is **REMANDED** to Superior Court of Dougherty County. All pending motions are **DENIED** without prejudice as moot.

**SO ORDERED**, this   13th   day of June 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**